B1 (Official Form 1)(04/13)

| United States Bankruptcy Court<br>Middle District of North Carolina (NC Exemptions) | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Breeden, Daniel Jr.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all)<br>**xxx-xx-9770** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**417 Lodestone Drive**<br>**Durham, NC**<br>ZIP Code **27703** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**Durham** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |

Location of Principal Assets of Business Debtor
(if different from street address above):

| Type of Debtor<br>(Form of Organization) (Check one box)<br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | Nature of Business<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box)<br>☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition<br>of a Foreign Nonmain Proceeding |
|---|---|---|

| Chapter 15 Debtors<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box)<br>■ Debts are primarily consumer debts,<br>defined in 11 U.S.C. § 101(8) as<br>"incurred by an individual primarily for<br>a personal, family, or household purpose."  ☐ Debts are primarily<br>business debts. |
|---|---|---|

| Filing Fee (Check one box)<br>☐ Full Filing Fee attached<br>■ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

B1 (Official Form 1)(04/13)                                                                                     **Page 2**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Breeden, Daniel Jr.** |

### All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)

| Location Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

### Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) <br> I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** _/s/ Edward C. Boltz for John T. Orcutt_ November 6, 2014 <br> Signature of Attorney for Debtor(s)        (Date) <br> **Edward C. Boltz for John T. Orcutt 23003** |

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

### Exhibit D

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

# Voluntary Petition

*(This page must be completed and filed in every case)*

| | Name of Debtor(s): |
| --- | --- |
| | **Breeden, Daniel Jr.** |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Daniel Breeden, Jr.**
Signature of Debtor   **Daniel Breeden, Jr.**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**November  6, 2014**
Date

### Signature of Attorney*

X **/s/ Edward C. Boltz for John T. Orcutt**
Signature of Attorney for Debtor(s)

**Edward C. Boltz for John T. Orcutt 23003**
Printed Name of Attorney for Debtor(s)

**The Law Offices of John T. Orcutt, PC**
Firm Name

**6616-203 Six Forks Road**
**Raleigh, NC 27615**

_____
Address

**Email: postlegal@johnorcutt.com**
**(919) 847-9750  Fax: (919) 847-3439**
Telephone Number

**November  6, 2014**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____
_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re   **Daniel Breeden, Jr.**                             ,      Case No. _____
<br>                                    Debtor
<br>                                                            Chapter _____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 15 | 19,870.00 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 17,619.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | 4,535.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | 9,902.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 4,077.18 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 4 | | | 4,077.18 |
| Total Number of Sheets of ALL Schedules | | 34 | | | |
| | | Total Assets | 19,870.00 | | |
| | | | Total Liabilities | 32,056.00 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re    **Daniel Breeden, Jr.**                            ,      Case No. _____

                                     Debtor

Chapter _____ **13** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 835.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 835.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | 4,077.18 |
| Average Expenses (from Schedule J, Line 22) | 4,077.18 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 1,807.18 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 3,039.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 4,535.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 9,902.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 12,941.00 |

B 201A (Form 201A) (6/14)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total Fee $335)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total Fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over

a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1,167 filing fee, $550 administrative fee: Total Fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total Fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re **Daniel Breeden, Jr.** _____  Case No. _____

_____ Debtor(s)  Chapter **13** _____

# CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
# UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Attorney

I hereby certify that I delivered to the debtor this notice required by § 342(b) of the Bankruptcy Code.

**Edward C. Boltz for John T. Orcutt 23003** _____  X **/s/ Edward C. Boltz for John T. Orcutt**  **November  6, 2014**

Printed Name of Attorney   Signature of Attorney   Date

Address:
**6616-203 Six Forks Road**
**Raleigh, NC 27615**
**(919) 847-9750**
**postlegal@johnorcutt.com**

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

**Daniel Breeden, Jr.** _____  X **/s/ Daniel Breeden, Jr.**  **November  6, 2014**

Printed Name(s) of Debtor(s)   Signature of Debtor   Date

Case No. (if known) _____  X _____

   Signature of Joint Debtor (if any)   Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re   **Daniel Breeden, Jr.**                  Case No.

                                 Debtor(s)           Chapter   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | **3,700.00** |
| Prior to the filing of this statement I have received | $ | **0.00** |
| Balance Due | $ | **3,700.00** |

2. $ **0.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

     ■ Debtor      ☐ Other (specify):

4. The source of compensation to be paid to me is:

     ■ Debtor      ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

     ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

     a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
     b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
     c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
     d. [Other provisions as needed]
         **Exemption planning, Means Test planning, and other items if specifically included in attorney/client fee contract or required by Bankruptcy Court local rule.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
     **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding, and any other items excluded in attorney/client fee contract or excluded by Bankruptcy Court local rule.**

     **Fee also collected, where applicable, include such things as: Pacer access: $10 per case, Credit Reports: $10 each, Judgment Search: $10 each, Credit Counseling Certification: Usually $34 per case, Financial Management Class Certification: Usually $8 each, Use of computers for Credit Counseling briefing or Financial Managment Class: $10 per session, or paralegal typing assistance regarding credit counseling briefing: $75 per session.**

## CERTIFICATION

     I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:    **November  6, 2014**                  **/s/ Edward C. Boltz for John T. Orcutt**
                                            **Edward C. Boltz for John T. Orcutt 23003**
                                            **The Law Offices of John T. Orcutt, PC**
                                            **6616-203 Six Forks Road**
                                            **Raleigh, NC 27615**
                                            **(919) 847-9750  Fax: (919) 847-3439**
                                            **postlegal@johnorcutt.com**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re    __Daniel Breeden, Jr.__                            Case No. _____

                                             Debtor(s)       Chapter    __13__ _____

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                Page 2

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Daniel Breeden, Jr.**
                                        **Daniel Breeden, Jr.**

Date:        **November  6, 2014**

B6A (Official Form 6A) (12/07)

.

In re   **Daniel Breeden, Jr.**         ,      Case No. _____

                       Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **.IMPORTANT NOTICES:** | | - | 0.00 | 0.00 |
| **(1) Valuation Method (Sch. A & B): FMV unless otherwise noted.** | | | | |
| **(2) Creditor claims disclosed on Sch. D, E & F are estimates only, drawn largely from unverified information provided by the creditor, and shall not be considered an admission by  the Debtor(s) of the amount owed,  interest,  late fees, etc.  Nor is this listing of a creditor or representatives an admission by the Debtor(s) that such parties are actual owners of such claims.** | | | | |

| | | | |
|---|---|---|---|
| | Sub-Total > | **0.00** | (Total of this page) |
| | Total > | **0.00** | |

   **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re **Daniel Breeden, Jr.** ,                                        Case No. _____
                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 1. Cash on hand | | **Cash** | - | 30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **State Employees Credit Union Checking and Savings** | J | 80.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Household Goods** | - | 4,080.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Wearing Apparel** | - | 500.00 |
| 7. Furs and jewelry. | | **Jewelry** | - | 600.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          **5,290.00**
(Total of this page)

__2__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re __Daniel Breeden, Jr._____,    Case No. _____
                           **Debtor**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >      **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Daniel Breeden, Jr.**
_____ ,    Case No. _____
                                                Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2013 Dodge Dart**<br>**VIN: 1C3CDFBA7DD322194**<br>**Nationwide Insurance Policy# 6132P028815**<br>**Current Mileage: 13,000** | - | 14,580.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **Possible Consumer Rights Claim(s).**<br>**Subject to approval of settlement/award by**<br>**Bankruptcy Court.**<br>**Unless otherwise specified, no specific claims are**<br>**known at present.** | - | 0.00 |

|  | |
|---|---|
| Sub-Total > | 14,580.00 |
| (Total of this page) | |
| Total > | 19,870.00 |

Sheet  __2__  of  __2__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

In Re:

**Daniel Breeden Jr.**                                    Case No. _____

Social Security No.: xxx-xx-9770
Address: 417 Lodestone Drive, Durham, NC 27703                    Form 91C (rev. 1/21/14)

                                        Debtor.

# DEBTOR'S CLAIM FOR PROPERTY EXEMPTIONS

The undersigned Debtor hereby claims the following property as exempt pursuant to 11 U.S.C. Sections 522(b)(3)(A),(B), and (C), the North Carolina General Statues, and non-bankruptcy federal law.  Undersigned Debtor is claiming and intends to claim as exempt 100% of Debtor's interest in each and every item listed, irrespective of the actual value claimed as exempt.

1.   **RESIDENCE EXEMPTION: REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT.**
     Each debtor can retain an aggregate interest in such property, **not to exceed a total net value of $35,000.** (N.C.G.S. § 1C-1601(a)(1) (NC Const. Article X, Section 2)(See * below)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
| N/A | | | | |

| | |
|---|---|
| **TOTAL NET VALUE:** | |
| **VALUE CLAIMED AS EXEMPT:** | |
| **UNUSED AMOUNT OF EXEMPTION:** | |

**RESIDENCE EXEMPTION:  REAL OR PERSONAL PROPERTY USED AS A RESIDENCE OR BURIAL PLOT**.

 Exception to $18,500 limit: An unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in property **not to exceed $60,000** in net value, so long as: (1) the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and (2) the former co-owner of the property is deceased, in which case the debtor must specify his/her age and the name of the former co-owner (if a child use initials only) of the property below. (N.C.G.S. § 1C-1601(a)(1) (NC Const. Article X, Section 2)(See * below)

| Description of Property & Address | Market Value | Mortgage Holder or Lien Holder | Amount of Mortgage or Lien | Net Value |
|---|---|---|---|---|
| | minus 6% | | | |

| | | | |
|---|---|---|---|
| Debtor's Age: | | **TOTAL NET VALUE:** | |
| Name of former co-owner: | | **VALUE CLAIMED AS EXEMPT:** | |
| | | **UNUSED AMOUNT OF EXEMPTION:** | |

\* Note to all interested parties: Notwithstanding the above, in the event that: (1) this concerns a Chapter 13 case filed within 12 months after the dismissal of a prior bankruptcy case, and (2) a creditor has, prior to the filing of this case, taken an "action" as that term is defined in In re: Paschal, 337 B.R. 27 (2006), the debtor(s) do not claim the property as exempt, in which case the above information is provided for the sole purpose of determining compliance as required by 11 U.S.C. 1325(a)(4).

2.  **TENANCY BY THE ENTIRETY**: **All the net value** in the following property is claimed as exempt pursuant to 11 U.S.C. § 522(b)(3)(B) and the law of the State of North Carolina pertaining to property held as tenants by the entirety.  (No limit on amount or number of items.)(See \* above which shall also apply with respect to this exemption.)

| Description of  Property & Address |
|---|
| 1. |
| 2. |

3.  **MOTOR VEHICLE EXEMPTION:** Each debtor can claim an exemption in only one vehicle, not to exceed $3,500.00 in net value. (N.C.G.S. § 1C-1601(a)(3))

| Year, Make, Model, Style of Motor Vehicle | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| 2013 Dodge Dart | $14,580.00 | Exeter Finance Corp. | $17,619.00 | $0.00 |

| | |
|---|---|
| **TOTAL NET VALUE:** | $0.00 |
| **VALUE CLAIMED AS EXEMPT:** | $3,500.00 |

4.  **TOOLS OF TRADE, IMPLEMENTS, OR PROFESSIONAL BOOKS:** (Each debtor can retain an aggregate interest, not to exceed $2,000.00 in net value.)  (N.C.G.S. § 1C-1601(a)(5))

| Description | Market Value | Lien Holder | Amount of  Lien | Net Value |
|---|---|---|---|---|
| | | | | |

| | |
|---|---|
| **TOTAL NET VALUE:** | |
| **VALUE CLAIMED AS EXEMPT:** | |

5.  **PERSONAL PROPERTY USED FOR HOUSEHOLD OR PERSONAL PURPOSES:** Each debtor can retain a total aggregate interest, not to exceed $5,000.00 in net value, plus $1000.00 in net value for each dependent of the debtor (not to exceed $4,000 total for dependents.) (N.C.G.S. § 1C-1601(a)(4) & NC Const., Article X, Section 1)

The number of dependents for exemption purposes is:_____1_____

| Description of Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Clothing & Personal | | | | $500.00 |
| Kitchen Appliances | | | | $300.00 |
| Stove | | | | $200.00 |
| Refrigerator | | | | $300.00 |
| Freezer | | | | $0.00 |
| Washing Machine | | | | $200.00 |
| Dryer | | | | $150.00 |

| | | | | |
|---|---|---|---|---|
| China | | | | $200.00 |
| Silver | | | | $0.00 |
| Jewelry | | | | $600.00 |
| Living Room Furniture | | | | $500.00 |
| Den Furniture | | | | $500.00 |
| Bedroom Furniture | | | | $500.00 |
| Dining Room Furniture | | | | $300.00 |
| Lawn Furniture | | | | $150.00 |
| Television | | | | $200.00 |
| ( ) Stereo ( ) Radio | | | | $200.00 |
| ( ) VCR ( ) Video Camera | | | | $0.00 |
| Musical Instruments | | | | $0.00 |
| ( ) Piano ( ) Organ | | | | $0.00 |
| Air Conditioner | | | | $0.00 |
| Paintings or  Art | | | | $100.00 |
| Lawn Mower | | | | $80.00 |
| Yard Tools | | | | $200.00 |
| Crops | | | | $0.00 |
| Recreational Equipment | | | | $0.00 |
| Computer Equipment | | | | $0.00 |

0

| | |
|---|---|
| **TOTAL NET VALUE:** | $5,180.00 |
| **VALUE CLAIMED AS EXEMPT:** | $6,000.00 |

6.  **LIFE INSURANCE**: There is no limit on amount or number of policies. (N.C.G.S. § 1C-1601(a)(6) & NC Const., Article X, Sect. 5)

| Description & Company | Insured | Last 4 Digits of Policy Number | Beneficiary (If child, use initials only) |
|---|---|---|---|
| | | | |

7.  **PROFESSIONALLY PRESCRIBED HEALTH AIDS:** Debtor or Debtor's Dependents. (No limit on value.) (N.C.G.S. § 1C-1601(a)(7))

| Description |
|---|
| |

8.  **COMPENSATION FOR PERSONAL INJURY, INCLUDING COMPENSATION FROM PRIVATE DISABILITY POLICIES OR ANNUITIES, OR COMPENSATION FOR THE DEATH OF A PERSON UPON WHOM THE DEBTOR WAS DEPENDENT FOR SUPPORT**. There is no limit on this exemption. All such amounts are claimed as exempt. (The compensation is not exempt from related legal, health or funeral expenses.) (N.C.G.S. § 1C-1601(a)(8))

| Description | Source of Compensation | Last 4 Digits of Any Account Number |
|---|---|---|
| Possible Consumer Rights Claim(s) (Unless specified, no specific claims are known at present) | | |

The Debtor claims an exemption in any possible consumer rights claim only to the extent that the settlement/award is found by the Bankruptcy Court, upon the filing of a Motion for Approval of Settlement/Award and for Allowance of Exemptions and an Amendment to this Schedule C, to be in the nature of a personal injury claim, if allowed as exempt under applicable law, or to the extent that it is found to be other than a personal injury claim only to the extent of the dollar amount available to the Debtor under another exemption, such as the wildcard exemption, under applicable exemptions law. The time within which the trustee may object to the claiming of any exemption in this asset, shall be deemed tolled until such time as the Motion and Amendment are filed and served upon the trustee.

9. **INDIVIDUAL RETIREMENT PLANS AS DEFINED IN THE INTERNAL REVENUE CODE AND ANY PLAN TREATED IN THE SAME MANNER AS AN INDIVIDUAL RETIREMENT PLAN UNDER THE INTERNAL REVENUE CODE.** (N.C.G.S. § 1C-1601(a)(9)) (No limit on number or amount.). Debtor claims an exemption in all such plans, plus all other **RETIREMENT FUNDS** as defined in 11 U.S.C. Section 522(b)(3)(c).

10. **COLLEGE SAVINGS PLANS QUALIFIED UNDER SECTION 529 OF THE INTERNAL REVENUE CODE.** Total net value <u>not to exceed $25,000.</u> If funds were placed in a college savings plan within the 12 months prior to filing, such contributions must have been made in the ordinary course of the debtor's financial affairs <u>and</u> must have been consistent with the debtor's past pattern of contributions. The exemption applies to funds for a child of the debtor that will actually be used for the child's college or university expenses. (N.C.G.S. § 1C-1601(a)(10))

| College Savings Plan | Last 4 Digits of Account Number | Initials of Child Beneficiary | Value |
|---|---|---|---|
| | | | |

| | |
|---|---|
| **VALUE CLAIMED AS EXEMPT:** | |

11. **RETIREMENT BENEFITS UNDER THE RETIREMENT PLANS OF OTHER STATES AND GOVERNMENT UNITS OF OTHER STATES.** (The debtor's interest is exempt only to the extent that these benefits are exempt under the law of the State or governmental unit under which the benefit plan is established.) (N.C.G.S. § 1C-1601(a)(11))

| Name of Retirement Plan | State or Governmental Unit | Last 4 Digits of Identifying Number | Value |
|---|---|---|---|
| | | | |

| | |
|---|---|
| **VALUE CLAIMED AS EXEMPT:** | |

12. **ALIMONY, SUPPORT, SEPARATE MAINTENANCE, AND CHILD SUPPORT PAYMENTS OR FUNDS THAT HAVE BEEN RECEIVED OR TO WHICH THE DEBTOR IS ENTITLED** (The debtor's interest is exempt to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor.) (N.C.G.S. § 1C-1601(a)(12))

| Type of Support | Location of Funds | Amount |
|---|---|---|
| | | |

| | |
|---|---|
| **VALUE CLAIMED AS EXEMPT:** | |

13. **WILDCARD EXEMPTION:** Each debtor can retain a total aggregate interest in any other property, not to exceed a net value of $5,000.00,

or the unused portion of the debtor's residence exemption , whichever is less.  (N.C.G.S. § 1C-1601(a)(2))

| Description of the Property | Market Value | Lien Holder | Amount of Lien | Net Value |
|---|---|---|---|---|
| Any property owned by the debtor(s),  not otherwise claimed as exempt. | | | | $5,000.00 |
| | | | | |

| | |
|---|---|
| **TOTAL NET VALUE:** | **$5,000.00** |
| **VALUE CLAIMED AS EXEMPT:** | **$5,000.00** |

14.  **OTHER EXEMPTIONS CLAIMED UNDER THE LAWS OF THE STATE OF NORTH CAROLINA**:

| | Amount |
|---|---|
| Aid to the Aged, Disabled and Families with Dependent Children N.C.G.S. § 108A-36 | |
| Aid to the Blind  N.C.G.S. § 111-18 | |
| Yearly Allowance of Surviving Spouse N.C.G.S. § 30-15 | |
| North Carolina Local Government Employees Retirement Benefits N.C.G.S. § 128-31 | |
| North Carolina Teachers and State Employee Retirement Benefits N.C.G.S. § 135-9 | |
| Fireman's and Rescue Workers' Pensions N.C.G.S. § 58-86-90 | |
| Workers Compensation Benefits N.C.G.S. § 97-21 | |
| Unemployment benefits, so long as not commingled and  except for debts for necessities purchased while unemployed N.C.G.S. §  96-17 | |
| Group Insurance Proceeds N.C.G.S. § 58-58-165 | |
| Partnership Property, except on a claim against the partnership N.C.G.S. § 59-55 | |
| **Wages of Debtor** necessary for the support of family  N.C.G.S. § 1-362 | |

| | |
|---|---|
| **VALUE CLAIMED AS EXEMPT:** | |

15.  **EXEMPTIONS CLAIMED UNDER NON-BANKRUPTCY FEDERAL LAW**:

| | Amount |
|---|---|
| Foreign Service Retirement and Disability Payments  22 U.S.C. § 4060 | |
| Social Security Benefits 42 U.S.C. § 407 | |
| Injury or death compensation payments from war risk hazards 42 U.S.C. § 1717 | |
| Wages of Fishermen, Seamen and Apprentices, 46 U.S.C. § 11108 &11109 | |
| Civil Service Retirement Benefits 5 U.S.C. § 8346 | |
| Longshoremen and Harbor Workers Compensation Act death and disability benefits  33 U.S.C. §  916 | |
| Railroad Retirement Act annuities and pensions 45 U.S.C. § 231m | |
| Veteran benefits 38 U.S.C. § 5301 | |
| Special pension paid to winners of Congressional Medal of Honor 38 U.S.C. § 1562 | |

| **VALUE CLAIMED AS EXEMPT:** | |
|---|---|

**UNSWORN DECLARATION UNDER PENALTY OF PERJURY**

I, the undersigned Debtor, declares under penalty of perjury that I have read the foregoing document, consisting of 14 paragraphs on consecutive pages, and that they are true and correct to the best of my knowledge, information and belief.

Dated: November 6, 2014

s/ Daniel Breeden Jr.
Daniel Breeden Jr.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

In Re:

**Daniel Breeden Jr.**                                   **PROPOSED CHAPTER 13 PLAN**

Social Security No.:  xxx-xx-9770                    Case No. _____
                                                     Chapter   13

Address: 417 Lodestone Drive, Durham, NC 27703

                                    Debtor.

The Debtor proposes an initial plan, which is subject to modification, as follows:

This document and the attached **CH. 13 PLAN - DEBTS SHEET (MIDDLE)** shall, together, constitute the proposed plan; and all references herein are to corresponding sections of said attached document.  The terms and conditions of this proposed plan shall control and apply except to the extent that they contradict the terms and conditions of the order confirming the Chapter 13 plan entered by this Court in this case:

1.  **Payments to the Trustee**:   The Debtor proposes to pay to the Trustee from future earnings consecutively monthly payments, for distribution to creditors after payment of costs of administration.  See **"PROPOSED PLAN PAYMENT"** section for amount of monthly payment and the duration. Actual duration will be determined in accordance with the provisions set forth in the Paragraph 2 below.

2.  **Duration of Chapter 13 Plan**: at the earlier of, the expiration of the Applicable Commitment Period or the payment  to the Trustee of a sum sufficient to pay in full: (A) Allowed administrative priority claims, including specifically the Trustee's commissions and attorneys' fees and expenses ordered by the Court to be paid to the Debtor's Attorney, (B) Allowed secured claims (including but not limited to arrearage claims), excepting those which are scheduled to be paid directly by the Debtor "outside" the plan, (C) Allowed unsecured priority claims, (D) Cosign protect consumer debt claims (only where the Debtor proposes such treatment), (E) Post-petition claims allowed under 11 U.S.C. § 1305, (F) The dividend, if any, required to be paid to non-priority, general unsecured creditors (not including priority unsecured creditors) pursuant to 11 U.S.C. §  1325(b)(1)(B), and (G) Any extra amount necessary to satisfy the "liquidation test" as set forth in 11 U.S.C. § 1325(a)(4).

3.  **Payments made directly to creditors**:   The Debtor proposes to make regular monthly payments directly to the following creditors:  See **"RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN"** section.  It shall not be considered a violation of the automatic stay if, after the bankruptcy filing, a secured creditor sends to the Debtor  payment coupon books  or  monthly payment invoices  with respect to debts set forth  in this section of the plan.

4.  **Disbursements by the Trustee**: The Debtor proposes that the Trustee make the following distributions to creditors holding allowed claims, after payment of costs of administration as follows:  See **"INSIDE PLAN"** section.  More specifically:

    a.  The following secured creditors shall receive their regular monthly contract payment: See **"LTD - Retain / DOT on Principal Res./Other Long Term Debts"** section. At the end of the plan, the Debtor  will resume making payments directly to the creditor on any such debt not paid in full during the life of the plan.

    b.  The following secured creditors shall be paid in full on their arrearage claims over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See **"Arrearage Claims"** section.

    c.  The following creditors have partially secured and partially unsecured claims.  The secured part of the claim shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims): See **"STD - Retain/Secured Debts (Paid at FMV)"** and **"Secured Taxes"** sections.

    d.  The following secured creditors shall be paid in full over the life of the plan on a pro-rata basis with other secured claims (not including LTD claims):  See **"STD - Retain / Secured Debts & 910 Vehicles (Pay 100%)"** section.

    e.  The following priority claims shall be paid in full by means of deferred payment: See **"Unsecured Priority Debts"** section.

    f.  The following co-signed claims shall be paid in full, plus interest at the contract rate, by means of deferred payments: See **"Cosign Protect Debts (Pay 100% )"** section.

    g.  After payment of allowed costs of administration, priority and secured claims, the balance of the funds paid to the Trustee shall be paid to allowed, general unsecured, non-priority claims.  See **"General Unsecured Non-Priority Debts"** section.

5.  **Property to be surrendered**:   The Debtor proposes to retain all property serving as collateral for secured claims, except for the following property, which shall be surrendered to the corresponding secured creditor(s): See **"SURRENDER COLLATERAL"** section.  Unless an itemized Proof of Claim for any deficiency is filed within 120 days after confirmation of this plan, said creditor shall not receive any further disbursement from the trustee.  Any personal property  serving as collateral for a secured claim which is surrendered, either  in the confirmation order or by other court order, which the  lien holder does not take possession of within 240 days of the entry of such order shall be deemed abandoned and said lien cancelled.

6.  **Executory contracts**: The Debtor proposes to assume all executory contracts and leases, except those specifically rejected.  See

"REJECTED EXECUTORY CONTRACTS / LEASES" section.

7. **Retention of Consumer Rights Causes of Action**: Confirmation of this plan shall constitute a finding that the Debtor does not waive, release or discharge but rather retains and reserves for himself and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that he could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

8. **Standing for Consumer Rights Causes of Action**:  Confirmation of this plan shall vest in the  Debtor  full and complete standing to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.

9. **Termination of Liens:** Upon the full payment of a secured party's underlying debt determined under non-bankruptcy law  or the granting of a discharge pursuant to 11 U.S.C. § 1328, the secured party shall within 10 days after demand and, in any event, within 30 days, execute a release of its security interest on the property securing said claim. In the case of a motor vehicle, said secured creditor shall execute a release on the title thereto in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the  Debtor or the Debtor's Attorney. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision and upon failure to so comply. This provision may be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the  Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The  Debtor specifically  reserves the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims provided for herein.

10. **Jurisdiction for Non-Core Matters**:  Confirmation of this plan shall constitute the expressed consent by any party in interest in this case, or any one or more of them, including all creditor or other parties duly listed in Schedules D, E, F, G, and H, or any amendments thereto, to the referral of a proceeding related to a case under Title 11 of the United States Code to a Bankruptcy Judge to hear and determine and to enter appropriate orders and judgments as provided for by 28 U.S.C. §  157(c)(2).

11.  **Obligations of Mortgagors**:  Confirmation of this plan shall impose an affirmative duty on the holders of all claims secured by mortgages or deeds of trust on real property of this estate to:

   a.   Pursuant to 11 U.S.C. § 1326, adequate protection payments shall not be made on allowed secured claims secured by real property prior to confirmation. This provision shall not preclude such a claim-holder from requesting additional adequate protection pursuant to 11 U.S.C. § 362(d);

   b.   Apply any payments received from the Trustee under the plan as the same is designated by the Trustee only to the pre-petition arrears provided for in the confirmed plan;

   c.   Apply any payments received from the Trustee under the plan as the same is designated by the Trustee, that is to either pre-petition interest or pre-petition principal as the case may be;

   d.   Apply all post-petition payments received from the  Chapter 13 Trustee under the plan as the same is designated by the Trustee, to the post-petition mortgage obligations of the Debtor for the actual months for which such payments are designated;

   e.   Apply all post-petition payments received directly from the Debtor to the post-petition mortgage obligations due;

   f.   Refrain from the practice of imposing late charges when the only delinquency is attributable to the pre-petition arrears included in the plan;

   g.   Refrain from the imposition of monthly inspection fees or any other type of bankruptcy monitoring fee without prior approval of the Bankruptcy Court after notice and hearing;

   h.   Refrain from the imposition of any legal or paralegal fees or similar charges incurred following confirmation without prior approval of the Bankruptcy Court after notice and hearing;

   i.   Pursuant to  12 U.S.C. § 2609, 15 U.S.C. § 1602, and all other applicable state, federal and contractual requirements, promptly notify the Debtor, the Debtor's  Attorney and the Chapter 13 Trustee of any adjustment in the on-going payments for any reason, including, without limitation, changes resulting for Adjustable Rate Mortgages and/or escrow changes.  The Debtor  specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362;

   j.   Pursuant to 11 U.S.C. § 524 and all other applicable state and federal laws, verify, at the request of the Debtor, Debtor's Attorney or Chapter 13 Trustee, that the payments received under the confirmed plan were properly applied;

   k.   Pursuant to N.C.G.S. § 45-91 and all other applicable state, federal and contractual requirements notify the Debtor,  the Debtor's Attorney and the Chapter 13 Trustee  with notice of the assessment of any fees, charges etc. The Debtor specifically agrees that provision of such notice shall not constitute a violation of 11 U.S.C. § 362; and

   l.   This provision of this plan may be enforced in a proceeding filed before the Bankruptcy Court and each such secured creditor consents to such jurisdiction by failure to file any timely objection to this plan.  Such an enforcement proceeding may be filed by the Debtor in this case either before or after the entry of the discharge order and either before or after the closing of this case.  The Debtor  specifically reserves  the right to file a motion to reopen this case under 11 U.S.C. § 350 to pursue the rights and claims herein.

12. **Arbitration**: Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the Debtor herein during the pendency of this case.

13. **Post-petition tax claims**: The Debtor's plan shall provide for full payment of any post-petition tax claim filed by the Internal Revenue Service which are allowed pursuant to 11 U.S.C. § 1305 (b), unless the Internal Revenue Service, after a good faith consideration of the effect such a claim would have on the feasibility of the Debtor's Chapter 13 plan, specifically agrees to a different treatment of such claim. However, any future modification of the Debtor's plan to provide for full payment of any allowed post-petition tax claim shall only occur after the filing of a motion requesting a modification of the plan to that effect.

14. **Offers in Compromise**: The Internal Revenue Service shall, pursuant to I.R.C. §7122 (a) (2002) and 11 U.S.C. §§105 and 525 (a), and notwithstanding any provisions of the Internal Revenue Manual, consider any properly tendered Offer in Compromise by the Debtor. This provision shall not be construed to require the Internal Revenue Service to accept any such Offer in Compromise, but the Internal Revenue Service shall consider such Offer in Compromise as if the Debtor was not in an on-going bankruptcy. In the event that an Offer in Compromise is accepted by the Internal Revenue Service and any tax obligation is reduced, the Chapter 13 Trustee shall review the Chapter 13 payment to determine if a reduction in the plan payment is feasible.

15. **Adequate Protection Payments**: The Debtor proposes that all pre-confirmation adequate protection payments be paid as follows:
    a. Not later than 30 days after the date of the order for relief, the Debtor shall commence paying directly to the lessor all payments scheduled in a lease of personal property or portion thereof that become due after the said order for relief. Absent a timely objection to confirmation of the proposed plan, it shall be presumed that the Debtor has made such payments as required by 11 U.S.C. § 1326(a)(1)(B) of the Bankruptcy Code.
    b. All pre-confirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(c) payable to a creditor holding an allowed claim secured by personal property, to the extent that the claim is attributable to the purchase of such property by the Debtor shall be disbursed by the Chapter 13 Trustee.
    c. Each creditor entitled to receive a pre-confirmation adequate protection payment pursuant to 11 U.S.C. § 1326(a)(1)(c) shall be paid each month the amount set forth in the column entitled "Adequate Protection". These amounts shall equal **1.00%** of the FMV of the property securing the corresponding creditor's claim **or** the monthly amount necessary to amortize the claim (computed at the Trustee's interest rate) over the life of the plan, whichever is less.
    d. The principal amount of the adequate protection recipient's claim shall be reduced by the amount of the adequate protection payments remitted to the recipient.
    e. All adequate protection payments disbursed by the Chapter 13 Trustee shall be subject to an administrative fee in favor of the Trustee equal to the Trustee's statutory percentage commission then in effect, and the Trustee shall collect such fee at the time of the distribution of the adequate protection payment to the creditor.
    f. All adequate protection payments disbursed by the Chapter 13 Trustee shall be made in the ordinary course of the Trustee's business from funds in this case as they become available for distribution.
    g. No adequate protection payment to a creditor who is listed in the plan as a secured creditor shall be required until a proof of claim is filed by such creditor which complies with Rule 3001 of the Federal Rules of Bankruptcy Procedure.
    h. The Trustee shall not be required to make pre-confirmation adequate protection payments on account of any claim in which the collateral for such claim is listed in the plan as having a value of less than $2,000.00.
    i. The names, addresses and account numbers for each secured creditor entitled to receive a pre-confirmation adequate protection payment as set forth on Schedule D filed in this case are incorporated herein, as if set forth herein at length.
    j. Adequate protection payments shall continue until all unpaid Debtor's Attorney's fees are paid in full.

16. **Interest on Secured Claims**:
    a. Arrearage: No interest shall accrue on any arrearage claim.
    b. Secured Debts Paid at FMV: The lesser of Trustee's interest rate (set pursuant to *In re Till*) and the contract interest rate.
    c. Secured Debts Paid in Full:
        i. Regarding "910 vehicle" claims: Pursuant to 11 U.S.C. §1322, interest only to the extent that the value , as of the effective date of the plan (hereinafter the "Time Value"), of the motor vehicle exceeds the amount of the claim. The Time Value shall be the total of the payments to amortize the FMV of the motor vehicle, defined as 90% of the N.A.D.A. Retail, at the Trustee's interest rate over the total length of the Chapter 13 plan.
        ii. All other secured claims: The lesser of the Trustee's interest rate and the contract interest rate.

17. **Debtor's Attorney's Fees**: In the event that the Trustee has, at the time of Confirmation, funds in excess of any amounts necessary to make adequate protection payments to holders of allowed secured claims for personal property, specifically excluding payments for real property due between the filing of the petition and Confirmation, all such funds shall be paid towards unpaid Debtor's Attorney's fees.

18. **Non-Vesting:** Property of the estate shall NOT re-vest in the Debtor upon confirmation of the Chapter 13 plan.

19. **Real Estate Taxes** Real estate taxes that are paid by the Debtor through an escrow account as part of any direct mortgage payment, or as part of a conduit payment made by the Trustee, shall continue to be paid by the Debtor through such escrow account and shall be disbursed by the servicer from such escrow account. They shall not be made separately by the Trustee.

20. **Transfer of Mortgage Servicing**: Pursuant to 12 U.S.C. § 2605(f), in the event that the mortgage servicing for any of the Debtor's mortgages is transferred during this case, notice of such transfer of service shall be provided to the Debtor, the Debtor's Attorney and the Chapter 13 Trustee within thirty (30) days. Such notice shall include the identity of the new servicer, the address and a toll-free

telephone number for the new servicer, instructions  on whom to contact with authority regarding such servicing,  and the location where the transfer of mortgage servicing is recorded.

21. **401K Loans**: Upon payment in full of a 401K plan loan, the  Debtor shall increase  Debtor's 401K plan contributions by an amount equal to the amount that was being paid on said 401K loan.

22. **Non-Disclosure of Personal Information**: Pursuant to NCGS 75-66 and other state and federal laws, the Debtor objects to the disclosure of any personal information by any party, including without limitations, all creditors listed in the schedules filed in this case.

23. **Other provisions of plan (if any)**: See "OTHER PROVISIONS" section.

### Definitions

**LTD**:        Long Term Debt and refers to both: (1) Debts which cannot be modified due to 11 U.S.C. § 1322(b)(2), and (2) Debts where modification in the plan will not result in a payment lower than the contract payment.

**STD**:        Short Term Debt and refers to debts where the months left on the contract are less than or equal to 60 months.

**Retain**:   Means the Debtor intends to retain possession and/or ownership of the collateral securing a debt.

**910**:        Means and refers to the purchase money security interest portion of a claim secured by a motor vehicle, where the motor vehicle was acquired within 910 days before the filing of the bankruptcy case for the personal use of the Debtor.

**Sch D #**:  References the number of the secured debt as listed on Schedule D.

**Int. Rate**:  Means Interest Rate to be paid a secured claim.

Dated:  November 6, 2014

s/ Daniel Breeden Jr.

Daniel Breeden Jr.

(rev.  1/19/12)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

In Re:                                    Case No. _____

**Daniel Breeden Jr.**

Social Security No.:  xxx-xx-9770          **Chapter 13**

Address: 417 Lodestone Drive, Durham, NC 27703

                          Debtor.

| Below Median Income Disposable Income Calculation | | | |
|---|---|---|---|
| **CMI Income** **(Before Marital Adjustment)** (Form 22C, line 18) | $ 3,519.03 | **Schedule I Income** **Minus** **Schedule I Expenses** (Sch. I, line 12) | $ 4,105.18 |
| **Minus** | | | |
| **Child Support received** **(1st column)** (Sch. I, line 8c) | 0.00 | | |
| **Child Support received** **(2nd column)** (Sch. I, line 8c) | 0.00 | | |
| **Schedule I expenses** **(1st column)**(Sch. I, line 6) | 0.00 | | |
| **Schedule I expenses** **(2nd column)**(Sch. I, line 6) | 1,195.85 | | |
| **Schedule J expenses** **(Including proposed plan payment)** (Sch. J, line 23b) | 4,105.18 | **Schedule J expenses** **(Including proposed plan payment)** (Sch. J, line 23b) | 4,105.18 |
| **Difference between plan payment averaged over 36 months and actual plan payment** | 285.00 | | |
| **Equals Means Test Derived Disposable Income:** | $ -2,067.00 | **Equals Actual Disposable Income:** (Sch. J, line 23c) | $ 0.00 |

(edocs rev. 7/2/14)

| CH. 13 PLAN - DEBTS SHEET (MIDDLE DISTRICT - DESARDI VERSION) | | | Date: | 10/26/14 |
|---|---|---|---|---|
| | | | Lastname-SS#: | Breeden-9770 |

### RETAIN COLLATERAL & PAY DIRECT OUTSIDE PLAN

| | Creditor Name | Sch D # | Description of Collateral |
|---|---|---|---|
| Retain | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SURRENDER COLLATERAL

| Creditor Name | Description of Collateral |
|---|---|
| | |
| | |
| | |
| | |
| | |

### ARREARAGE CLAIMS

| | Creditor Name | Sch D # | Arrearage Amount | (See †) |
|---|---|---|---|---|
| Retain | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |
| | | | | ** |

### REJECTED EXECUTORY CONTRACTS/LEASES

| Creditor Name | Description of Collateral |
|---|---|
| | |
| | |
| | |
| | |
| | |

### LTD - DOT ON PRINCIPAL RESIDENCE & OTHER LONG TERM DEBTS

| | Creditor Name | Sch D # | Monthly Contract Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |
| | | | | N/A | n/a | | |

### STD - SECURED DEBTS @ FMV

| | Creditor Name | Sch D # | FMV | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |

### STD - SECURED DEBTS @ 100%

| | Creditor Name | Sch D # | Payoff Amount | Int. Rate | Adequate Protection | Minimum Equal Payment | Description of Collateral |
|---|---|---|---|---|---|---|---|
| Retain | Exeter | | $17,619 | 5.25 | $146 | $413.84 | 2013 Dodge Dart |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |
| | | | | 5.25 | | | |

| ATTORNEY FEE (Unpaid part) | Amount |
|---|---|
| Law Offices of John T. Orcutt, P.C. | $3,700 |

| SECURED TAXES | Secured Amt |
|---|---|
| IRS Tax Liens | |
| Real Property Taxes on Retained Realty | |

| UNSECURED PRIORITY DEBTS | Amount |
|---|---|
| IRS Taxes | $560 |
| State Taxes | $275 |
| Personal Property Taxes | |
| Alimony or Child Support Arrearage | |

| CO-SIGN PROTECT (Pay 100%) | Int.% | Payoff Amt |
|---|---|---|
| All Co-Sign Protect Debts (See*) | | |

| GENERAL NON-PRIORITY UNSECURED | Amount** |
|---|---|
| DMI= None($0) | None($0) |

### PROPOSED CHAPTER 13 PLAN PAYMENT

| $ | 125 | per month for | 1 | months, then |
|---|---|---|---|---|
| $ | 440 | per month for | 59 | months. |

**Adequate Protection Payment Period**

| Adequate Protection payments shall continue for approximately: | 18 | months or until the attorney fee is paid. |
|---|---|---|

**Codes:**

Sch D # = The number of the secued debt as listed on Schedule D.

Adequate Protection = Monthly 'Adequate Protection' payment amt.

† = May include up to 3 post-petition payments.

* = Co-sign protect on all debts so designated on the filed schedules.

** = Greater of DMI x ACP or EAE          (Page 4 of 4)

Ch13Plan_MD_(Install_Pay_NEWFilingFee) 4/18/14) © LOJTO

### Other Miscellaneous Provisions

Plan to allow for 3 "waivers".

B6D (Official Form 6D) (12/07)

In re  **Daniel Breeden, Jr.** ,                          Case No. _____
_____
                        Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **6252**<br><br>**Creditor #: 1**<br>**Exeter Finance Corporation**<br>**Attn: Managing Agent**<br>**Post Office Box 166097**<br>**Irving, TX 75016-6097** | | - | | **5/2014**<br>**Purchase Money Security/Fixture**<br>**2013 Dodge Dart**<br>**VIN: 1C3CDFBA7DD322194**<br>**Nationwide Insurance Policy#**<br>**6132P028815**<br>**Current Mileage: 13,000** | | | | | |
| | | | | Value $           **14,580.00** | | | | **17,619.00** | **3,039.00** |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

_**0**_   continuation sheets attached

| | Subtotal<br>(Total of this page) | **17,619.00** | **3,039.00** |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | **17,619.00** | **3,039.00** |

B6E (Official Form 6E) (4/13)

.

In re  **Daniel Breeden, Jr.**                                                                     , Case No. _____

                                        Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

■ **Administrative Expenses**

Administrative expenses allowed under 11 U.S.C. § 503(b), and any fees and charges assessed against the estate under chapter 123 of title 28 as provided in 11 U.S.C. 507(a)(2).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_2_   continuation sheets attached

B6E (Official Form 6E) (4/13) - Cont.

In re **Daniel Breeden, Jr.**,       Case No. _____
                                 Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Taxes and Certain Other Debts
Owed to Governmental Units**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. | | | Notice Purposes Only | | | | | | |
| **Creditor #: 1**<br>**Durham County Tax Collector**<br>**P.O.Box 3397**<br>**Durham, NC 27702** | - | | | | | | 0.00 | 0.00 | 0.00 |
| Account No. | | | 2012-2013 | | | | | | |
| **Creditor #: 2**<br>**Internal Revenue Service (MD)\*\***<br>**Post Office Box 7346**<br>**Philadelphia, PA 19101-7346** | - | | | | | | 560.00 | 0.00 | 560.00 |
| Account No. | | | Representing:<br>**Internal Revenue Service (MD)\*\*** | | | | | | |
| **The Honorable Eric Holder**<br>**U.S. Department of Justice**<br>**950 Pennsylvania Ave. NW**<br>**Washington, DC 20530-0001** | | | | | | | Notice Only | | |
| Account No. | | | 2012-2013 | | | | | | |
| **Creditor #: 3**<br>**North Carolina Dept. of Revenue\*\***<br>**Post Office Box 1168**<br>**Raleigh, NC 27602-1168** | - | | | | | | 275.00 | 0.00 | 275.00 |
| Account No. | | | Representing:<br>**North Carolina Dept. of Revenue\*\*** | | | | | | |
| **NC Department of Justice**<br>**for NC Department of Revenue**<br>**Post Office Box 629**<br>**Raleigh, NC 27602-0629** | | | | | | | Notice Only | | |

Sheet __1__ of __2__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

Subtotal | 0.00 | |
(Total of this page) | 835.00 | 835.00 |

B6E (Official Form 6E) (4/13) - Cont.

In re **Daniel Breeden, Jr.** _____,    Case No. _____
                                    Debtor

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
### (Continuation Sheet)

**Administrative Expenses**

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **Attorney Fees** | | | | | | | | |
| **Creditor #: 4** **Law Offices of John T. Orcutt** **6616-203 Six Forks Road** **Raleigh, NC 27615** | - | | | | | | | 0.00 |
| | | | | | | | 3,700.00 | 3,700.00 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet **2** of **2** continuation sheets attached to Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal | 0.00 | |
| (Total of this page) | 3,700.00 | 3,700.00 |
| Total | 0.00 | |
| (Report on Summary of Schedules) | 4,535.00 | 4,535.00 |

B6F (Official Form 6F) (12/07)

In re    **Daniel Breeden, Jr.**
_____,    Case No. _____
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. 1<br>**Creditor #: 1**<br>**.IMPORTANT NOTICE:**<br>**See notice re: creditor claims set forth on Schedule A** | - | | | | | | 0.00 |
| Account No. **4452**<br>**Creditor #: 2**<br>**Aarons Rentals**<br>**c/o Associates Recovery**<br>**PO Box 211171**<br>**Augusta, GA 30917** | - | | **Rental Agreement**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | 162.00 |
| Account No. **Unknown**<br>**Creditor #: 3**<br>**Car Financial Services, Inc. ***<br>**3405 Salterbeck Street**<br>**Suite 201**<br>**Mount Pleasant, SC 29466** | - | | **Possible Obligation**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | 0.00 |
| Account No. **5085**<br>**Creditor #: 4**<br>**Carolina Finance**<br>**1513 Walnut Street STE 150**<br>**Cary, NC 27511** | - | | **Repossession Deficiency**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | 6,422.00 |

__2__ continuation sheets attached

Subtotal
(Total of this page)    **6,584.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Daniel Breeden, Jr.** _____,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Carolina Finance, LLC**<br>**Post Office Box 49544**<br>**Greensboro, NC 27419** | | | **Representing:**<br>**Carolina Finance** | | | | **Notice Only** |
| Account No. **Unknown** <br><br>**Creditor #: 5**<br>**First Point Collection Resources \*\***<br>**Post Office Box 26140**<br>**Greensboro, NC 27402-6140** | | - | **Medical Collection Account**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | **44.00** |
| Account No. **0062** <br><br>**Creditor #: 6**<br>**Frontier Communications\*\***<br>**PO Box 6000**<br>**Hayden, ID 83835-2009** | | - | **Services Rendered**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | **980.00** |
| Account No. **Unknown** <br><br>**Creditor #: 7**<br>**Nationwide Recovery Systems**<br>**2304 Tarpley Drive, # 134**<br>**Carrollton, TX 75006** | | - | **Medical Collection Account**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | **262.00** |
| Account No. **6** <br><br>**Creditor #: 8**<br>**Okinus Credit Solutions**<br>**Post Office Box 691**<br>**Pelham, GA 31779** | | - | **Rental Agreement**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | **337.00** |

Sheet no. __1__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **1,623.00**

B6F (Official Form 6F) (12/07) - Cont.

In re **Daniel Breeden, Jr.** ,                                    Case No. _____
_____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Unknown** <br><br>**Creditor #: 9**<br>**Revenue Cycle Solutions \*\***<br>**421 Fayetteville Street**<br>**Suite 600**<br>**Raleigh, NC 27601** | - | | **Medical Collection Account**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | 1,095.00 |
| Account No. **Unknown** <br><br>**Creditor #: 10**<br>**Rick Henderick Chevrolet**<br>**409 S. Roxboro Street**<br>**Durham, NC 27701** | - | | **Returned Check**<br>**Disputed re: amt, int, fees, ownership, etc.**<br>**NOT ADMITTED** | | | | 600.00 |
| Account No. <br><br>**United Tranzactions**<br>**3200 Executive Way**<br>**Miramar, FL 33025** | | | **Representing:**<br>**Rick Henderick Chevrolet** | | | | Notice Only |
| Account No. <br><br>**United Tranzactions**<br>**2811 Corporate Way**<br>**Hollywood, FL 33025** | | | **Representing:**<br>**Rick Henderick Chevrolet** | | | | Notice Only |
| Account No. <br><br><br> | | | | | | | |

Sheet no. __2__ of __2__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | | 1,695.00 |
| Total<br>(Report on Summary of Schedules) | | 9,902.00 |

B6G (Official Form 6G) (12/07)

In re    **Daniel Breeden, Jr.**                                                                              ,    Case No. _____
                                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **American Home Properties** | **Residental Lease:** **Debtor wishes to assume.** |
| **Verizon Wireless\*\*** **Post Office Box 105378** **Atlanta, GA 30348** | **Wireless Contract:** **Debtor wishes to assume.** |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

B6H (Official Form 6H) (12/07)

In re  **Daniel Breeden, Jr.**                                    ,     Case No. _____
                                              Debtor

# SCHEDULE H - CODEBTORS

  Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed
by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state,
commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or
Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of
any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used
by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor,
state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not
disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2013 - Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel Breeden, Jr.** |
| Debtor 2<br>(Spouse, if filing) | |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS) |
| Case number<br>(If known) | |

Check if this is:
☐ An amended filing
☐ A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD/ YYYY

## Official Form B 6I

## Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| **Employment status** | | ☐ Employed<br>■ Not employed | ☐ Employed<br>■ Not employed |
| **Occupation** | | | |
| **Employer's name** | | | |
| **Employer's address** | | | |
| **How long employed there?** | | | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $          0.00 | $        3,519.03 |
| 3. | **Estimate and list monthly overtime pay.** | 3. | +$          0.00 | +$          0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | 4. | $          0.00 | $        3,519.03 |

Debtor 1    **Daniel Breeden, Jr.**                                                    Case number (*if known*)

|  |  |  | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ 0.00 | $ 3,519.03 |

5. **List all payroll deductions:**

| | | | **For Debtor 1** | **For Debtor 2 or non-filing spouse** |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ 0.00 | $ 713.97 |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ 0.00 | $ 27.35 |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ 0.00 | $ 27.35 |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ 0.00 | $ 0.00 |
| 5e. | **Insurance** | 5e. | $ 0.00 | $ 412.79 |
| 5f. | **Domestic support obligations** | 5f. | $ 0.00 | $ 0.00 |
| 5g. | **Union dues** | 5g. | $ 0.00 | $ 0.00 |
| 5h. | **Other deductions.** Specify:  **Life Insurance** | 5h.+ | $ 0.00 + | $ 14.39 |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.    $ 0.00    $ 1,195.85

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $ 0.00    $ 2,323.18

8. **List all other income regularly received:**

| | | | | |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm**  Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ 0.00 |
| 8b. | **Interest and dividends** | 8b. | $ 0.00 | $ 0.00 |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive**  Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. | **Unemployment compensation** | 8d. | $ 0.00 | $ 0.00 |
| 8e. | **Social Security** | 8e. | $ 0.00 | $ 0.00 |
| 8f. | **Other government assistance that you regularly receive**  Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.  Specify:  **Social Security($1,859.80-$104.90)** | 8f. | $ 1,754.00 | $ 0.00 |
| 8g. | **Pension or retirement income** | 8g. | $ 0.00 | $ 0.00 |
| 8h. | **Other monthly income.** Specify: | 8h.+ | $ 0.00 + | $ 0.00 |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.    $ 1,754.00    $ 0.00

10. **Calculate monthly income.** Add line 7 + line 9.    10.    $ 1,754.00 + $ 2,323.18 = $ 4,077.18
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify: _____    11.  +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies    12.    $ 4,077.18

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■  No.
    ☐  Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1      **Daniel Breeden, Jr.**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   MIDDLE DISTRICT OF NORTH CAROLINA (NC EXEMPTIONS)

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 expenses as of the following date:

       MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:   Describe Your Household

1. **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

       ☐ No

       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**   ☐ No

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

   ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| **Grandson** | **3** | ☐ No  ■ Yes |
| **Stepdaughter** | **27** | ☐ No  ■ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No

### Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | | Your expenses |
|---|---|---|

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ _____ 1,000.00

   **If not included in line 4:**

   4a.   Real estate taxes      4a. $ _____ 0.00
   4b.   Property, homeowner's, or renter's insurance      4b. $ _____ 25.00
   4c.   Home maintenance, repair, and upkeep expenses      4c. $ _____ 0.00
   4d.   Homeowner's association or condominium dues      4d. $ _____ 0.00

5. **Additional mortgage payments for your residence,** such as home equity loans      5. $ _____ 0.00

Debtor 1  **Daniel Breeden, Jr.**                                    Case number (if known)

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a.  Electricity, heat, natural gas | 6a. | $ | **272.00** |
| | 6b.  Water, sewer, garbage collection | 6b. | $ | **60.00** |
| | 6c.  Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | **0.00** |
| | 6d.  Other. Specify:  **Cell Phone** | 6d. | $ | **130.00** |
| | **Cable** | | $ | **45.00** |
| 7. | **Food and housekeeping supplies** | 7. | $ | **500.00** |
| 8. | **Childcare and children's education costs** | 8. | $ | **0.00** |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ | **110.00** |
| 10. | **Personal care products and services** | 10. | $ | **61.00** |
| 11. | **Medical and dental expenses** | 11. | $ | **115.51** |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. | | | |
| | Do not include car payments. | 12. | $ | **300.00** |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ | **25.00** |
| 14. | **Charitable contributions and religious donations** | 14. | $ | **0.00** |
| 15. | **Insurance.** | | | |
| | Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a.  Life insurance | 15a. | $ | **60.00** |
| | 15b.  Health insurance | 15b. | $ | **0.00** |
| | 15c.  Vehicle insurance | 15c. | $ | **198.00** |
| | 15d.  Other insurance. Specify: | 15d. | $ | **0.00** |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. | | | |
| | Specify:  **Personal Property Taxes** | 16. | $ | **16.67** |
| 17. | **Installment or lease payments:** | | | |
| | 17a.  Car payments for Vehicle 1 | 17a. | $ | **0.00** |
| | 17b.  Car payments for Vehicle 2 | 17b. | $ | **0.00** |
| | 17c.  Other. Specify: | 17c. | $ | **0.00** |
| | 17d.  Other. Specify: | 17d. | $ | **0.00** |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | 18. | $ | **0.00** |
| 19. | **Other payments you make to support others who do not live with you.** | | $ | **0.00** |
| | Specify: | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | |
| | 20a.  Mortgages on other property | 20a. | $ | **0.00** |
| | 20b.  Real estate taxes | 20b. | $ | **0.00** |
| | 20c.  Property, homeowner's, or renter's insurance | 20c. | $ | **0.00** |
| | 20d.  Maintenance, repair, and upkeep expenses | 20d. | $ | **0.00** |
| | 20e.  Homeowner's association or condominium dues | 20e. | $ | **0.00** |
| 21. | **Other:** Specify:  **Emergency/Miscellaneous** | 21. | +$ | **203.00** |
| | **Chapter 13 Plan Payment** | | +$ | **440.00** |
| 22. | **Your monthly expenses.** Add lines 4 through 21. | 22. | $ | **4,077.18** |
| | The result is your monthly expenses. | | | |
| | **Note: Line 22 above includes Debtor Schedule total of $3,561.18** | | | |
| | **Plus the attached separate schedule J total of $516.00** | | | |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a.  Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | **4,077.18** |
| | 23b.  Copy your monthly expenses from line 22 above. | 23b. | -$ | **4,077.18** |
| | 23c.  Subtract your monthly expenses from your monthly income. | | | |
| | The result is your *monthly net income.* | 23c. | $ | **0.00** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.
☐ Yes.
Explain:

Debtor 1   **Daniel Breeden, Jr.**                                    Case number (if known) _____

| | |
|---|---|
| **Fill in this information to identify your case:** | |

Debtor 1          **Daniel Breeden, Jr.**
_____

Debtor 2          _____
(Spouse, if filing)

United States Bankruptcy Court for the:   MIDDLE DISTRICT OF NORTH CAROLINA
(NC EXEMPTIONS)

Case number          _____
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing post-petition chapter 13
   expenses as of the following date:
   _____
   MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
   maintains a separate household
■ Non-Filing Spouse

## Official Form 6J

# Schedule J: Your Expenses                                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:   Describe Your Household

1.  **Is this a joint case?**
    ■ No. Go to line 2.
    ☐ Yes. **Does Debtor 2 live in a separate household?**
          ☐ No
          ☐ Yes. Debtor 2 must file a separate Schedule J.

2.  **Do you have dependents?**   ☐ No

    Do not list Debtor 1
    and Debtor 2.          ■ Yes. Fill out this information for
                                 each dependent.................

    Do not state the
    dependents names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Grandson | 3 | ☐ No ■ Yes |
| Stepdaughter | 27 | ☐ No ■ Yes |
| | | ☐ No ☐ Yes |
| | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**
    ■ No
    ☐ Yes

## Part 2:   Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

| | Your expenses |
|---|---|

4.  **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.          4. $ _____ **0.00**

    If not included in line 4:

    4a.   Real estate taxes                                          4a. $ _____ **0.00**
    4b.   Property, homeowner's, or renter's insurance              4b. $ _____ **0.00**
    4c.   Home maintenance, repair, and upkeep expenses            4c. $ _____ **0.00**
    4d.   Homeowner's association or condominium dues              4d. $ _____ **0.00**
5.  **Additional mortgage payments for your residence,** such as home equity loans          5. $ _____ **0.00**

6.  **Utilities:**
    6a.   Electricity, heat, natural gas                            6a. $ _____ **0.00**

Debtor 1    **Daniel Breeden, Jr.** _____    Case number (if known) _____

| | | | | |
|---|---|---|---|---|
| | 6b. | Water, sewer, garbage collection | 6b. $ | 0.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 0.00 |
| | 6d. | Other. Specify: _____ | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 0.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 0.00 |
| 10. | **Personal care products and services** | | 10. $ | 0.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 0.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 0.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 0.00 |
| | 15d. | Other insurance. Specify: _____ | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify:  **Personal Property Taxes** | | 16. $ | 13.33 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 502.67 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: _____ | 17c. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, _Schedule I, Your Income_ (Official Form 6I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on _Schedule I: Your Income_.** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other:** Specify: _____ | | 21. +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | $ | 516.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. | Copy line 12 _(your combined monthly income)_ from Schedule I. | 23a. $ | N/A |
| | 23b. | Copy your monthly expenses from line 22 above. | 23b. $ | N/A |
| | 23c. | Subtract your monthly expenses from your monthly income. The result is your _monthly net income_. | 23c. $ | N/A |
| 24. | **Do you expect an increase or decrease in your expenses within the year after you file this form?** For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage? | | | |

☑ No.

☐ Yes.

Explain: _____

B 22C (Official Form 22C) (Chapter 13) (04/13)

| In re | **Daniel Breeden, Jr.** | | According to the calculations required by this statement: |
|---|---|---|---|
| | Debtor(s) | | ■ **The applicable commitment period is 3 years.** |
| Case Number: | | | ☐ **The applicable commitment period is 5 years.** |
| | (If known) | | ☐ **Disposable income is determined under § 1325(b)(3).** |
| | | | ■ **Disposable income is not determined under § 1325(b)(3).** |
| | | | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
# AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

| | **Part I. REPORT OF INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |

| | | **Column A**<br>Debtor's<br>Income | **Column B**<br>Spouse's<br>Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $          0.00 | $     3,519.03 |

| 3 | **Income from the operation of a business, profession, or farm.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero.  **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | | |
|---|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $          0.00 | $          0.00 | | |
| b. | Ordinary and necessary business expenses | $          0.00 | $          0.00 | | |
| c. | Business income | Subtract Line b from Line a | | $          0.00 | $          0.00 |

| 4 | **Rents and other real property income.**  Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero.  **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | | |
|---|---|---|---|---|

| | | Debtor | Spouse | | |
|---|---|---|---|---|---|
| a. | Gross receipts | $          0.00 | $          0.00 | | |
| b. | Ordinary and necessary operating expenses | $          0.00 | $          0.00 | | |
| c. | Rent and other real property income | Subtract Line b from Line a | | $          0.00 | $          0.00 |

| 5 | **Interest, dividends, and royalties.** | $          0.00 | $          0.00 |
|---|---|---|---|
| 6 | **Pension and retirement income.** | $          0.00 | $          0.00 |

| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.**  Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $          0.00 | $          0.00 |
|---|---|---|---|

| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: | | |
|---|---|---|---|
| | Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $          0.00   Spouse $          0.00 | $          0.00 | $          0.00 |

| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | | |
|---|---|---|---|---|---|---|
| | | | Debtor | Spouse | | |
| | a. | | $ | $ | | |
| | b. | | $ | $ | $ 0.00 | $ 0.00 |
| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | | | | $ 0.00 | $ 3,519.03 |
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | | | | $ | 3,519.03 |

## Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | | $ | 3,519.03 |
|---|---|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | | $ | |
| | b. | | $ | |
| | c. | | $ | |
| | Total and enter on Line 13 | | $ | 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | | $ | 3,519.03 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | | $ | 42,228.36 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | |
| | a. Enter debtor's state of residence:    **NC**    b. Enter debtor's household size:    **4** | | $ | 69,370.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | | | |

## Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | Enter the amount from Line 11. | | $ | 3,519.03 |
|---|---|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | | | |
| | a. | Schedule I Expenses | $ | 1,195.85 |
| | b. | Schedule J Expenses | $ | 516.00 |
| | c. | | $ | |
| | d. | | $ | |
| | Total and enter on Line 19. | | $ | 1,711.85 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | | $ | 1,807.18 |

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **21,686.16** |
|----|---|---|---|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **69,370.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement.<br><br>■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement.  **Do not complete Parts IV, V, or VI.** |
|----|---|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | | $ | |
|----|---|---|---|---|---|---|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | | | | | |
|----|---|---|---|---|---|

<table>
<tr><td colspan="3"><b>Persons under 65 years of age</b></td><td colspan="3"><b>Persons 65 years of age or older</b></td><td></td></tr>
<tr><td>a1.</td><td>Allowance per person</td><td></td><td>a2.</td><td>Allowance per person</td><td></td><td></td></tr>
<tr><td>b1.</td><td>Number of persons</td><td></td><td>b2.</td><td>Number of persons</td><td></td><td></td></tr>
<tr><td>c1.</td><td>Subtotal</td><td></td><td>c2.</td><td>Subtotal</td><td></td><td>$</td></tr>
</table>

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | | | $ | |
|----|---|---|---|---|---|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** | | | | |
|----|---|---|---|---|

<table>
<tr><td>a.</td><td>IRS Housing and Utilities Standards; mortgage/rent expense</td><td>$</td><td></td></tr>
<tr><td>b.</td><td>Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47</td><td>$</td><td></td></tr>
<tr><td>c.</td><td>Net mortgage/rental expense</td><td>Subtract Line b from Line a.</td><td>$</td></tr>
</table>

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | | $ | |
|----|---|---|---|---|

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                 4

| | | |
|---|---|---|
| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation.  If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 27B | **Local Standards: transportation; additional public transportation expense.**  If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.**  Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28.  **Do not enter an amount less than zero.**<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 1</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29.  **Do not enter an amount less than zero.**<br><table><tr><td>a.</td><td>IRS Transportation Standards, Ownership Costs</td><td>$</td></tr><tr><td>b.</td><td>Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47</td><td>$</td></tr><tr><td>c.</td><td>Net ownership/lease expense for Vehicle 2</td><td>Subtract Line b from Line a.</td></tr></table> | $ |
| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs.  **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself.  **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.**  Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments.  **Do not include payments on past due obligations included in line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.**  Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool.  **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.**  Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B.  **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |

| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|---|---|---|
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

### Subpart B: Additional Living Expense Deductions
#### Note: Do not include any expenses that you have listed in Lines 24-37

| 39 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | a. Health Insurance — $ <br> b. Disability Insurance — $ <br> c. Health Savings Account — $ <br><br> Total and enter on Line 39 | $ |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: <br> $ | |
| 40 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. **Do not include payments listed in Line 34.** | $ |
| 41 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 42 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 43 | **Education expenses for dependent children under 18.** Enter the total average monthly expenses that you actually incur, not to exceed $156.25 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 44 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 45 | **Charitable contributions.** Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). **Do not include any amount in excess of 15% of your gross monthly income.** | $ |
| 46 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 39 through 45. | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                                        6

| | Subpart C: Deductions for Debt Payment | | | | |
|---|---|---|---|---|---|

<table>
<tr><td rowspan="2">47</td><td colspan="4"><b>Future payments on secured claims.</b>  For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60.  If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47.</td><td rowspan="2"></td></tr>
<tr><td></td></tr>
</table>

Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance

a. | | $ | ☐yes ☐no
| | Total: Add Lines | $

<table>
<tr><td rowspan="2">48</td><td colspan="3"><b>Other payments on secured claims.</b>  If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page.</td><td rowspan="2"></td></tr>
<tr><td></td></tr>
</table>

Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount
a. | | $
| | Total: Add Lines | $

| 49 | **Payments on prepetition priority claims.**  Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing.  **Do not include current obligations, such as those set out in Line 33.** | $ |
|---|---|---|

<table>
<tr><td rowspan="4">50</td><td colspan="2"><b>Chapter 13 administrative expenses.</b> Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense.</td><td rowspan="4"></td></tr>
<tr><td>a.</td><td>Projected average monthly Chapter 13 plan payment.</td><td>$</td></tr>
<tr><td>b.</td><td>Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)</td><td>x</td></tr>
<tr><td>c.</td><td>Average monthly administrative expense of chapter 13 case</td><td>Total: Multiply Lines a and b</td><td>$</td></tr>
</table>

| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |
|---|---|---|

| | Subpart D: Total Deductions from Income | |
|---|---|---|

| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |
|---|---|---|

| | Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2) | |
|---|---|---|

| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
|---|---|---|
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.**  Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).**  Enter the amount from Line 52. | $ |

| 57 | **Deduction for special circumstances.**  If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57.  **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | |
|---|---|---|

| | Nature of special circumstances | Amount of Expense |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total:  Add Lines | $ |

| 58 | **Total adjustments to determine disposable income.**  Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).**  Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I).  If necessary, list additional sources on a separate page.  All figures should reflect your average monthly expense for each item.  Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c and d | $ |

B 22C (Official Form 22C) (Chapter 13) (04/13)                                                                    **8**

| | **Part VII. VERIFICATION** |
|---|---|
| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date:   **November  6, 2014**          Signature:  **/s/ Daniel Breeden, Jr.**                <br>                                                                     **Daniel Breeden, Jr.**<br>                                                                          (Debtor) |

B7 (Official Form 7) (04/13)

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re  **Daniel Breeden, Jr.**                                              Case No.
                                                                                Chapter   **13**
                              Debtor(s)

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
| --- | --- |
| **$6,235.00** | **2012 YTD: Debtor Employment/Wages** |

---

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| **$20,457.80** | **2014 YTD: Debtor Social Security** |
| **$22,642.80** | **2013: Debtor Social Security** |
| **$21,935.00** | **2012: Debtor Social Security** |

B7 (Official Form 7) (04/13)
2

| AMOUNT | SOURCE |
|---|---|
| $4,811.00 | 2012: Debtor 401K Distributions |
| $348.00 | 2012: Debtor Unemployment |

---

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts:*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
■

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

*  Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B7 (Official Form 7) (04/13)
3

**5. Repossessions, foreclosures and returns**

None
☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Carolina Finance** **1513 Walnut Street STE 150** **Cary, NC 27511** | 4/2014 | **2007 Lincoln MKZ** **$10,980.00** |

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
■

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
4

### 10.  Other transfers

None
■
a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■
b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

### 11.  Closed financial accounts

None
■
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

### 12.  Safe deposit boxes

None
■
List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13.  Setoffs

None
■
List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14.  Property held for another person

None
■
List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B7 (Official Form 7) (04/13)
5

### 15. Prior address of debtor

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **2 Waystone Place**<br>**Durham, NC 27703** | **Daniel Breeden, Jr.** | **2000-2014** |

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

B7 (Official Form 7) (04/13)
6

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

B7 (Official Form 7) (04/13)
7

**20. Inventories**

None
■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None
■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None
■  a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■  If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

B7 (Official Form 7) (04/13)
8

**25. Pension Funds.**

None
■
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                                TAXPAYER IDENTIFICATION NUMBER (EIN)

* * * * * *

B7 (Official Form 7) (04/13)
9

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **November  6, 2014**                    Signature  **/s/ Daniel Breeden, Jr.**

                                                          **Daniel Breeden, Jr.**
                                                          Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**B6 Declaration (Official Form 6 - Declaration). (12/07)**

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re    **Daniel Breeden, Jr.**                  Case No.              

                                 Debtor(s)           Chapter     **13**

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **36**   sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    **November  6, 2014**              Signature    **/s/ Daniel Breeden, Jr.**

                                                **Daniel Breeden, Jr.**

                                                Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

North Carolina Employment Security
Commission
Post Office Box 26504
Raleigh, NC 27611


NC Child Support
Centralized Collections
Post Office Box 900006
Raleigh, NC 27675-9006


Equifax Information Systems LLC
P.O. Box 740241
Atlanta, GA 30374-0241


Experian
P.O. Box 2002
Allen, TX 75013-2002


Trans Union Corporation
P.O. Box 2000
Crum Lynne, PA 19022-2000


Internal Revenue Service (MD)**
Post Office Box 7346
Philadelphia, PA 19101-7346


US Attorney's Office  (MD)**
101 S. Edgeworth Street, 4th floor
Greensboro, NC 27401


Aarons Rentals
c/o Associates Recovery
PO Box 211171
Augusta, GA 30917


Car Financial Services, Inc. **
3405 Salterbeck Street
Suite 201
Mount Pleasant, SC 29466


Carolina Finance
1513 Walnut Street STE 150
Cary, NC 27511

Carolina Finance, LLC
Post Office  Box 49544
Greensboro, NC 27419


Durham County Tax Collector
P.O.Box 3397
Durham, NC 27702


Exeter Finance Corporation
Attn: Managing Agent
Post Office Box 166097
Irving, TX 75016-6097


First Point Collection Resources **
Post Office Box 26140
Greensboro, NC 27402-6140


Frontier Communications**
PO Box 6000
Hayden, ID 83835-2009


Internal Revenue Service (MD)**
Post Office Box 7346
Philadelphia, PA 19101-7346


Law Offices of John T. Orcutt
6616-203 Six Forks Road
Raleigh, NC 27615


Nationwide Recovery Systems
2304 Tarpley Drive, # 134
Carrollton, TX 75006


NC Department of Justice
for NC Department of Revenue
Post Office Box 629
Raleigh, NC 27602-0629


North Carolina Dept. of Revenue**
Post Office Box 1168
Raleigh, NC 27602-1168


Okinus Credit Solutions
Post Office Box 691
Pelham, GA 31779

Revenue Cycle Solutions **
421 Fayetteville Street
Suite 600
Raleigh, NC 27601


Rick Henderick Chevrolet
409 S. Roxboro Street
Durham, NC 27701


The Honorable Eric Holder
U.S. Department of Justice
950 Pennsylvania Ave. NW
Washington, DC 20530-0001


United Tranzactions
3200 Executive Way
Miramar, FL 33025


United Tranzactions
2811 Corporate Way
Hollywood, FL 33025

# United States Bankruptcy Court
## Middle District of North Carolina (NC Exemptions)

In re  **Daniel Breeden, Jr.**

Debtor(s)

Case No. 

Chapter  **13**

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:  **November  6, 2014**

**/s/ Daniel Breeden, Jr.**

**Daniel Breeden, Jr.**

Signature of Debtor